UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| JONATHAN JOE SKENANDORE,<br><br>　　　　　　　　Petitioner,<br>　v.<br>PERRY RUSSELL, *et al.*,<br>　　　　　　　　Respondents. | Case No. 3:21-cv-00330-MMD-WGC<br><br>ORDER |

Petitioner Jonathan Joe Skenandore, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus. (ECF No. 1-1.) This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Petitioner's Motion for Appointment of Counsel (ECF No. 1-2). For the reasons discussed below, the Court directs service of the petition and grants Petitioner's motion.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Petitioner challenges a conviction and sentence imposed by the First Judicial District Court for Carson City ("state court").[2] On May 4, 2017, the state court entered a

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the First Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

judgment of conviction for second-degree murder and conspiracy to commit robbery. The state district court imposed a sentence of a term of 25 years with the possibility of parole after 10 years and a concurrent sentence of 12 to 48 months.

Petitioner did not file a direct appeal of his conviction. In April 2018, Petitioner filed a state petition for writ of habeas corpus. The state court denied post-conviction relief. Petitioner filed a post-conviction appeal. The Nevada Supreme Court affirmed the denial of relief in March 2021, and a remittitur issued in July 2021. On August 2, 2021, Petitioner initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1.) The Court instructed him to resolve the filing fee, and he timely complied. (ECF Nos. 6, 7.) Having conducted an initial review, the Court will direct service of the petition.

Turning to Petitioner's motion for appointment of counsel (ECF No. 1-2) to assist Petitioner in this habeas action, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). However, an indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointment of counsel "when the interests of justice so require"). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds that appointment of counsel in this case is in the interests of justice. Petitioner is serving a lengthy sentence. His petition may raise relatively complex issues and it is unclear whether he will be able to adequately articulate his claims in proper person with the resources available to him. Therefore, Petitioner's motion for appointment of counsel is granted.

It is therefore ordered that Petitioner Jonathan Joe Skenandore's Motion for Appointment of Counsel (ECF No. 1-2) is granted.

It is further ordered that The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

The Clerk of the Court is directed to file Petitioner Jonathan Joe Skenandore's Petition for Writ of Habeas Corpus (ECF No. 1-1).

The Clerk of Court is further directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

///

///

///

The Clerk of Court is further directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED THIS 17th Day of December 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE